IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES A. BOYD,

        Plaintiff,

   v.                                      CASE NO.10-3146-SAC

RAY ROBERTS, et al.,

        Defendants.

**O R D E R**

Plaintiff, a prisoner incarcerated in the State of Washington pursuant to the Interstate Corrections Compact for service of a Kansas sentence, proceeds pro se on complaint filed under 42 U.S.C. § 1983 naming the following Kansas officials as defendants: Ray Roberts and David R. McKune, each as Wardens of Lansing Correctional Facility (LCF); Sgt. Woodcock, as an LCF investigating officer; and parole officer Sharon R. Laudick. Plaintiff paid the full district court filing fee in this matter, and has neither sought nor been granted leave to proceed in forma pauperis.

Plaintiff seeks injunctive relief and damages on allegations related to events in 1990 through 1992 related to plaintiff's release on parole and subsequent revocation of parole. By separate motion plaintiff asks the court to issue subpoenas dues tecum and ad testificandum requiring defendants to appear at an evidentiary hearing and produce records relevant to plaintiff's allegations and critical to his claims that defendants failed to protect plaintiff and knowingly sabotaged plaintiff's success on parole by driving him to depression and drink which caused him to reoffend. Plaintiff

also filed a motion for a change of venue, although what he is asking for is reassignment of this case within the District of Kansas to a judge sitting in Kansas City, Kansas.

Notwithstanding plaintiff's payment of the full district court filing fee, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915A(a) and (b). *See also Plunk v. Givens*, 234 F.3d 1128 (10th Cir.2000)(joining other circuits in holding "28 U.S.C. § 1915A applies to all prison litigants, without regard to their fee status, who bring civil suits against a governmental entity, officer, or employee" (citations omitted)).

Having reviewed plaintiff's complaint and his filed documents, the court finds the complaint is subject to being summarily dismissed as stating no claim for relief because it is patently clear that plaintiff initiated this action well outside the two year limitation period for seeking relief under § 1983. *See Baker v. Board of Regents of State of Kan.*, 991 F.2d 628, 630-31 (10th Cir. 1993)(two-year statute of limitations applies to civil rights actions brought pursuant to 42 U.S.C. § 1983). Although plaintiff cites difficulties in attempting to exhaust administrative remedies within the Kansas Department of Corrections on his claims, there is nothing alleged, identified, or apparent in the record that might entitle plaintiff to any tolling of that limitation period.

Accordingly, the court directs plaintiff to show cause why the complaint should not be summarily dismissed as time barred and stating no claim upon which relief can be granted under § 1983. The

failure to file a timely response may result in the complaint being dismissed pursuant to § 1915A(b)(1) without further prior notice to plaintiff. Plaintiff's requests for subpoenas, an evidentiary hearing, "change of venue," and for expedited treatment of his "change of venue" motion are denied.

IT IS THEREFORE ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

IT IS FURTHER ORDERED that plaintiff's pending motions (Docs. 2, 10, and 12) are denied.

**IT IS SO ORDERED.**

DATED: This 25th day of February 2011 at Topeka, Kansas.

    s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge